UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 07-02089-5-ATS |
| | ) | |
| CHRISTOPHER SEAN MILLER | ) | CHAPTER 7 |
| HEATHER BARNWELL MILLER, | ) | |
|     Debtors. | ) | |
| | ) | |
| | ) | |
| JOSEPH N. CALLAWAY, Chapter 7 | ) | ADVERSARY PROCEEDING NO.: |
| Bankruptcy Trustee for Christopher Sean | ) | |
| Miller and Heather Barnwell Miller, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER SEAN MILLER and | ) | |
| HEATHER BARNWELL MILLER | ) | |
|     Defendants. | ) | |

## COMPLAINT OBJECTING TO DISCHARGE

NOW COMES Plaintiff, complaining of Defendants, and alleges and says as follows:

1. Plaintiff is the duly appointed Chapter 7 Trustee in the bankruptcy case of Christopher Sean Miller and Heather Barnwell Miller (the "Debtors").

2. On September 21, 2007, the Debtors filed a voluntary petition for relief under Chapter 7 and an order for relief was entered.

3. Defendants are the Debtors in this Chapter 7 proceeding.

4. This action is timely filed.

5. The Court has jurisdiction, venue and authority over this case pursuant to 28 U.S.C. §§157, 1334 and 1409. This matter is a core proceeding.

## FACTUAL ALLEGATIONS

6. Paragraphs 1 through 5 above are realleged.

7. On November 20, 2006, the Debtors acquired title to certain real property located at 135 Ryder Cup Circle, Raleigh, North Carolina, being more particularly described in the deed recorded in Book 12272, Page 1319 of the Wake County Registry (the "Property").

8. The purchase price for the Property was $263,500.00. At closing, the Property was encumbered by a first lien deed of trust for $210,676.00 in favor of Countrywide KB Home Loans, as recorded in Book 12272, Page 1322 of the Wake County Registry.

9. The balance of the purchase price for the Property was funded through a $56,000.00 personal loan made by Stephen Barnwell, the father of Heather Barnwell Miller, to the Debtors in November 2006 made in conjunction with the real estate closing. To evidence the loan, a deed of trust dated November 17, 2006 was executed, but that deed of trust was not recorded until May 30, 2007 in Book 12574, Page 110 of the Wake County Registry (the "Transfer").

10. The Transfer is subject to avoidance as a preference under 11 U.S.C. §547.

11. The Debtors and Mr. Braswell were made aware of the Trustee's intention to avoid and set aside the Transfer in post-petition discussions. The Debtors and Mr. Braswell then filed or caused to be filed an Acknowledged Notice of Satisfaction by Trustee on December 17, 2007 as recorded in Book 12876, Page 120 of the Wake County Registry (the "Satisfaction").

12. The Satisfaction states and certifies that the $56,000.00 owed by the Debtors was paid and satisfied on November 30, 2007. Contrary to the statement in the Satisfaction, however, the subject indebtedness was not paid. Little or no such payment was made by the Debtors to Mr. Barnwell.

13. Rather, Mr. Barnwell and the Debtors improperly and unjustifiably directed the recording of the Satisfaction containing its false statements in an effort to evade the Trustee's avoidance efforts with respect to the Transfer.

14. Debtors caused the recording of the Satisfaction in an attempt to nullify avoidance of the Transfer and to improve the corresponding position of their exemption interest claimed in the Property.

### FIRST CAUSE OF ACTION
(Objection to Discharge)

15. Paragraphs 1 through 14 above are realleged.

16. The filing of the Satisfaction was an attempt by the Debtors made with intent to hinder, delay, or defraud the case trustee, to transfer, remove, or conceal, or permit the transfer, removal or concealment, of property of the estate after the filing of their bankruptcy petition in violation of 11 U.S.C. §727(a)(2)(B).

17. By permitting the Satisfaction to be filed with the statement that the underlying debt had been paid or satisfied, the Debtors gave or made a false oath or account in violation of 11 U.S.C. §727(a)(4)(A), and also improperly attempted to receive or obtain property or advantage in violation of 11 U.S.C. §727(a)(4)(C).

18. The Discharge of the Debtors should therefore be denied in this Chapter 7 proceeding.

### SECOND CAUSE OF ACTION
(Post-Petition Transaction, 11 U.S.C. §549; Automatic Stay Violation, 11 U.S.C. §362(a))

19. Paragraphs 1 through 18 above are realleged.

20. The recording of the Satisfaction constitutes an attempt to accomplish a post-petition transfer of estate property to the Debtors by improving the position of their homestead exemption to a place ahead of, rather than behind, the Transfer. The cancellation of the Deed of Trust was not authorized in orders issued by the Court in this Chapter 7 case or by the Bankruptcy Code. The cancellation is *void ab initio*.

21. The Satisfaction is avoidable as a post-petition transaction under 11 U.S.C. §549. Plaintiff is therefore entitled to recover on behalf of the bankruptcy estate the value of the Transfer resulting from avoidance of the Satisfaction under 11 U.S.C. §550, such liability being at least $56,000.00 from the Debtors.

22. The lien wrongfully cancelled as a result of the Satisfaction should be preserved for the benefit of Plaintiff on behalf of the bankruptcy estate under 11 U.S.C. §551.

23. In addition, the recording of the Satisfaction further constituted a knowing and willful violation of the automatic stay of 11 U.S.C. §362(a) by the Debtors, thereby entitling Plaintiff to the recovery of appropriate punitive damages and attorney fees incurred in this matter.

WHEREFORE, Plaintiff requests that the Court enter Judgment against Defendants for:

1. Denying the discharge of the Debtors for violations of 11 U.S.C. §727;

2. Avoiding the recording of the Satisfaction pursuant to 11 U.S.C. §549 and §362(a);

3. Assessing all appropriate joint and several liability against the Debtors resulting from avoidance of the Satisfaction under 11 U.S.C. §550, being at least $56,000.00, including preserving the lien wrongfully cancelled under 11 U.S.C. §551, for the benefit of the bankruptcy estate;

4. Assessing appropriate punitive damages and attorney fees jointly and severally against the Debtors resulting from their willful violation of the automatic stay of 11 U.S.C. §362(a);

5. Assessing the costs of this action against the Debtors; and

6. Such other and further relief as the Court deems just and proper.

DATED: December 31, 2007.

*s/ A. Scott McKellar*
A. Scott McKellar
NC State Bar No. 27965
BATTLE, WINSLOW, SCOTT & WILEY, P.A.
Attorney for Plaintiff
Post Office Box 7100
Rocky Mount, NC  27804-0100
Telephone:  (252) 937-2200